**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DZANSIR GOKOEV,<br><br><div align="right">Petitioner,</div><br>v.<br><br>SIXTO MARRERO, Warden, Imperial Regional Detention Facility,<br><br><div align="right">Respondent.</div> | Case No.:  26cv3375 DMS MSB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is the second case filed by Petitioner in this Court.  In the first case, Case No. 26cv2127 DMS AHG, which Petitioner filed pro se, he alleged his continued detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1]  Case No. 26cv2127 DMS AHG, ECF No. 5.  The Court denied that Petition without prejudice because at the time Petitioner had not yet been detained beyond the presumptively reasonable six-month mark set out in

---

[1] Petitioner also alleged his due process rights were violated when the immigration judge issued a removal order without providing Petitioner notice and an opportunity to be heard.  The Court did not address that claim because it should have been addressed to an immigration judge.  Petitioner has since filed a motion to reopen his immigration proceedings with an immigration judge, which motion was denied.  Petitioner appealed that decision to the Board of Immigration Appeals, and it appears that appeal is pending.

*Zadvydas*. *Id.*

Two days later, Petitioner filed the present case with the assistance of counsel.  In the present case, Petitioner alleges he was re-detained without notice, an opportunity to be heard, or evidence of changed circumstances, which violated his right to due process.  In the Return, Respondent argues Petitioner failed to set forth sufficient facts to support his claims and he failed to challenge his detention under § 1231(a).  In his Traverse, Petitioner disputes Respondent's argument that he did not plead sufficient facts, and maintains his due process claim as set out above.

As stated in Petitioner's first case, in light of Petitioner's removal order, Petitioner's detention is governed by § 1231(a).  In the present case, Petitioner does not challenge his detention under that statute.  Instead, he raises a due process claim relating to his re-detention.  Absent any challenge to Petitioner's detention under the governing statute, § 1231(a), his Petition for Writ of Habeas Corpus is denied.

**IT IS SO ORDERED**.

Dated:  July 30, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv3375 DMS MSB